**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____     Chapter __7__

☐ Check if this an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy          06/22

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Charter Health Holdings, Inc.** |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names and *doing business as* names | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **83-1852764** |

| | | | |
|---|---|---|---|
| 4. | **Debtor's address** | **Principal place of business**<br><br>**9660 Haven Ave.**<br>**Rancho Cucamonga, CA 91730**<br>Number, Street, City, State & ZIP Code<br><br>**San Bernardino**<br>County | **Mailing address, if different from principal place of business**<br><br><br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **www.charterhcg.com** |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br><br>☐ Partnership (excluding LLP)<br><br>☐ Other. Specify: _____ |

Debtor    **Charter Health Holdings, Inc.**                                    Case number (*if known*) _____
_____Name_____

**7.  Describe debtor's business**    A. *Check one:*

■ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☐ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.
    __6216__

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

■ Chapter 7

☐ Chapter 9

☐ Chapter 11. *Check all that apply*:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

District _____ When _____ Case number _____
District _____ When _____ Case number _____

Debtor   **Charter Health Holdings, Inc.**                                   Case number (*if known*) _____
_____Name_____

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

■ Yes.

List all cases. If more than 1, attach a separate list

| | | | |
|---|---|---|---|
| Debtor | **See Rider 1** | Relationship | **Affiliate** |
| District | **Delaware** | When _____ Case number, if known _____ |

**11.** **Why is the case filed in *this district*?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12.** **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency _____

Contact name _____

Phone _____

---

**▮ Statistical and administrative information**

**13.** **Debtor's estimation of available funds**   .   *Check one:*

☐ Funds will be available for distribution to unsecured creditors.

■ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14.** **Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

■ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than100,000

**15.** **Estimated Assets**

■ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

---

Debtor    **Charter Health Holdings, Inc.**                                         Case number (*if known*) _____
                Name

**16.  Estimated liabilities**    ☐ $0 - $50,000                      ☐ $1,000,001 - $10 million         ☐ $500,000,001 - $1 billion
                                  ☐  $50,001 - $100,000               ■ $10,000,001 - $50  million       ☐ $1,000,000,001 - $10 billion
                                  ☐ $100,001 - $500,000               ☐ $50,000,001 - $100 million       ☐ $10,000,000,001 - $50 billion
                                  ☐ $500,001 - $1 million             ☐ $100,000,001 - $500 million      ☐ More than $50 billion

Debtor    **Charter Health Holdings, Inc.**                                    Case number (*if known*) _____
          Name

| | |
|---|---|
| ▮ | **Request for Relief, Declaration, and Signatures** |

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **January 26, 2024**
                MM / DD / YYYY

**X** **/s/ Cheryl Lovell**                                    **Cheryl Lovell**
Signature of authorized representative of debtor              Printed name

Title    **Chief Executive Officer**

---

**18. Signature of attorney**

**X** **/s/ Laura Davis Jones**                              Date    **January 26, 2024**
Signature of attorney for debtor                                      MM / DD / YYYY

**Laura Davis Jones**
Printed name

**Pachulski Stang Ziehl & Jones LLP**
Firm name

**919 North Market Street**
**17th Floor**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone    **302-652-4100**        Email address    **ljones@pszjlaw.com**

**2436 DE**
Bar number and State

**Rider 1 to Voluntary Petition**

On the date hereof, each of the affiliated entities listed below, including the Debtor in this Chapter 7 Case (collectively, the "Debtors"), filed a petition in this Court for relief under chapter 7 of title 11 of the United States Code.

1. CHARTER HEALTH CARE GROUP LLC

2. CHARTER HEALTH HOLDINGS, INC.

3. CHARTER HEALTHCARE OF ALBUQUERQUE, LLC

4. CHARTER HEALTHCARE OF DALLAS, LLC

5. CHARTER HEALTHCARE OF LAS VEGAS, LLC

6. CHARTER HEALTHCARE OF NORTHERN COLORADO, LLC

7. CHARTER HEALTHCARE OF ORANGE COUNTY, LLC

8. CHARTER HEALTHCARE OF PHOENIX, LLC

9. CHARTER HEALTHCARE OF RANCHO CUCAMONGA, LLC

10. CHARTER HEALTHCARE OF RIVERSIDE, LLC

11. CHARTER HEALTHCARE OF SAN ANTONIO, LLC

12. CHARTER HEALTHCARE OF TEXAS, LLC

13. CHARTER HEALTHCARE OF TUCSON, LLC

14. CHARTER HEALTHCARE OF WEST JORDAN, LLC

15. CHARTER HIGH DESERT HEALTH CARE GROUP, LLC

16. CHARTER HOME HEALTH OF HOUSTON, LLC

17. CHARTER HOME HEALTH OF OMAHA, LLC

18. CHARTER HOME HEALTH OF THE DESERT, LLC

19. CHARTER HOSPICE OF COLTON, LLC

20. CHARTER HOSPICE OF HOUSTON, LLC

21. CHARTER HOSPICE OF OMAHA, LLC

22. CHARTER HOSPICE OF SAN DIEGO, LLC

2

23.    CHARTER HOSPICE OF THE DESERT, LLC

24.    CHARTER HOSPICE OF THE SAN GABRIEL VALLEY, LLC

25.    CHARTER HOSPICE, LLC

26.    CHARTER MGMT, LLC

27.    SUNRISE HOSPICE CARE INC.

DE:4878-1405-9423.1 13824.00001

**Action by Unanimous Written Consent of the Board of Directors**
**of Charter Health Holdings, Inc.**

Effective as of January 26, 2024

The undersigned, being all of the members of the Board of Directors (the "**Board**") of, Charter Health Holdings, Inc., a Delaware corporation (the "**Company**"), pursuant to laws of the State of Delaware, do hereby consent to the adoption of the resolutions set forth below with the same force and effect as though adopted at a meeting of the Board duly called and held for the purpose of acting upon proposals to adopt such resolutions, and direct that this Action by Unanimous Written Consent be filed in the records of the Company.

**WHEREAS**, the Board has considered the financial and operational conditions of the Company's business;

**WHEREAS**, the Board has determined to their reasonable satisfaction that the value of the Company's assets is insufficient to satisfy the liabilities of the Company;

**RESOLVED, THEREFORE**, that in the business judgment of the Board, after consideration of the alternatives presented to it, the recommendations of senior management of the Company, and the advice of the Company's professionals and advisors that it is in the best interests of the Company, its creditors, members and other interested parties, that a voluntary petition be filed by the Company under the provisions of Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**"); and it is

**FURTHER RESOLVED**, that the officers of the Company (the "**Officers**") be, and they hereby are, authorized to execute and file on behalf of the Company all petitions, schedules, lists and other papers or documents, and to take any and all action which they deem necessary or proper to obtain such relief; and it is

**FURTHER RESOLVED**, that the Officers be, and they hereby are, authorized and directed to employ the law firm of Pachulski Stang Ziehl & Jones LLP as general bankruptcy counsel to the Company to represent and assist the Company in filings under Chapter 7 of the Bankruptcy Code; and it is

**FURTHER RESOLVED**, that the Officers are authorized, empowered and directed to take any and all further action and to execute and deliver any and all such further instruments and documents and to pay all such expenses, where necessary or appropriate, in order to carry out fully the intent and accomplish the purposes of the resolutions adopted herein; and it is

**FURTHER RESOLVED**, that all actions taken by the Officers prior to the date hereof in connection with the possible liquidation of the Company or any matters related thereto, or by virtue of these resolutions, are hereby in all aspects ratified, confirmed, and approved.

**IN WITNESS WHEREOF**, the undersigned has executed this Action by Unanimous Written Consent of the Board of Directors as of the date first written above.

_____
D. Robert Crants, III


_____
Anna Kovalkova


_____
Ryan Shelton


_____
Cheryl Lovell


_____
Anna-Gene O'Neal


*[SIGNATURE PAGE TO ACTION BY UNANIMOUS WRITTEN CONSENT OF THE BOARD OF DIRECTORS OF CHARTER HEALTH HOLDINGS, INC.]*

2

DE:4853-6934-5180.3 13824.00001

**FURTHER RESOLVED,** that all actions taken by the Officers prior to the date hereof in connection with the possible liquidation of the Company or any matters related thereto, or by virtue of these resolutions, are hereby in all aspects ratified, confirmed, and approved.

**IN WITNESS WHEREOF,** the undersigned has executed this Action by Unanimous Written Consent of the Board of Directors as of the date first written above.

D. Robert Crants, III

_____

Anna Kovalkova

_____

Ryan Shelton

_____

Cheryl Lovell

_____

Anna-Gene O'Neal

*[SIGNATURE PAGE TO ACTION BY UNANIMOUS WRITTEN CONSENT OF THE BOARD OF DIRECTORS OF CHARTER HEALTH HOLDINGS, INC.]*

2

**FURTHER RESOLVED**, that all actions taken by the Officers prior to the date hereof in connection with the possible liquidation of the Company or any matters related thereto, or by virtue of these resolutions, are hereby in all aspects ratified, confirmed, and approved.

**IN WITNESS WHEREOF**, the undersigned has executed this Action by Unanimous Written Consent of the Board of Directors as of the date first written above.

_____
D. Robert Crants, III

_____
Anna Kovalkova

_____
Ryan Shelton

_____
Cheryl Lovell

_____
Anna-Gene O'Neal

*[SIGNATURE PAGE TO ACTION BY UNANIMOUS WRITTEN CONSENT OF THE BOARD OF DIRECTORS OF CHARTER HEALTH HOLDINGS, INC.]*

2

**FURTHER RESOLVED**, that all actions taken by the Officers prior to the date hereof in connection with the possible liquidation of the Company or any matters related thereto, or by virtue of these resolutions, are hereby in all aspects ratified, confirmed, and approved.

**IN WITNESS WHEREOF**, the undersigned has executed this Action by Unanimous Written Consent of the Board of Directors as of the date first written above.

_____
D. Robert Crants, III

_____
Anna Kovalkova

_____
Ryan Shelton

_____
Cheryl Lovell

_____
Anna-Gene O'Neal

*[SIGNATURE PAGE TO ACTION BY UNANIMOUS WRITTEN CONSENT OF*
*THE BOARD OF DIRECTORS OF CHARTER HEALTH HOLDINGS, INC.]*

2

DE:4853-6934-5180.3 13824.00001

**FURTHER RESOLVED,** that all actions taken by the Officers prior to the date hereof in connection with the possible liquidation of the Company or any matters related thereto, or by virtue of these resolutions, are hereby in all aspects ratified, confirmed, and approved.

**IN WITNESS WHEREOF,** the undersigned has executed this Action by Unanimous Written Consent of the Board of Directors as of the date first written above.

_____
D. Robert Crants, III

_____
Anna Kovalkova

_____
Ryan Shelton

_____
Cheryl Lovell

_____
Anna-Gene O'Neal

*[SIGNATURE PAGE TO ACTION BY UNANIMOUS WRITTEN CONSENT OF THE BOARD OF DIRECTORS OF CHARTER HEALTH HOLDINGS, INC.]*

2

# United States Bankruptcy Court
### District of Delaware

In re    **Charter Health Holdings, Inc.** _____    Case No. _____

Debtor(s)    Chapter    **7** _____

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned agent for   **Charter Health Holdings, Inc.**   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

**Pharos Capital Partners III, L.P.**
**3889 Maple Ave., Suite 400**
**Dallas, TX 75219**

**Pharos Capital Partners III-A, L.P.**
**3889 Maple AVe., Suite 400**
**Dallas, TX 75219**

☐ None [*Check if applicable*]

**January 25, 2024**
Date

**/s/ Cheryl Lovell**
**Cheryl Lovell**
Signature of Authorized Agent
Agent for    **Charter Health Holdings, Inc.**
**9660 Haven Ave.**
**Rancho Cucamonga, CA 91730**

B2030 (Form 2030) (12/15)

## United States Bankruptcy Court
### District of Delaware

In re    **Charter Health Holdings, Inc.** _____    Case No. _____

Debtor(s)    Chapter    **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.   Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | |
|---|---|
| For legal services, I have agreed to accept | $   **225,000.00** |
| Prior to the filing of this statement I have received | $   **225,000.00** |
| Balance Due | $   **0.00** |

2.   $ **338.00** of the filing fee has been paid.

3.   The source of the compensation paid to me was:

☐ Debtor    ■ Other (specify):   **Charter MGMT, Inc. on bhealf of itself and its Debtor affiliates. Charter MGMT, Inc also paid the filing fees on behalf of itself and its Debtor affiliates ($8,788.00).**

4.   The source of compensation to be paid to me is:

■ Debtor    ☐ Other (specify):

5.   ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6.    In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
c.  [Other provisions as needed]
   **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

7.   By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

### CERTIFICATION

    I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**January 26, 2024** _____    /s/ Laura Davis Jones _____
*Date*                                **Laura Davis Jones**
                                      *Signature of Attorney*
                                      **Pachulski Stang Ziehl & Jones LLP**
                                      **919 North Market Street**
                                      **17th Floor**
                                      **Wilmington, DE 19801**
                                      **302-652-4100  Fax: 302-652-4400**
                                      **ljones@pszjlaw.com**
                                      *Name of law firm*